[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried at Shelton, Connecticut on February 5, 1977. They have both resided continuously in Connecticut since that time. There are three minor children issue of the marriage: Peter Butler born August 7, 1977; Lindsay Butler born August 9, 1979 and Kayleigh Butler born August 20, 1987.
The evidence presented at trial has clearly established the allegation that the marriage has irretrievably broken down. Judgment may enter dissolving the marriage on that ground.
The court has carefully considered the criteria set forth in 46b-56, 46b-81, 46b-82 and 46b-84 of the Connecticut General Statutes in reaching the decisions reflected in the orders that follow.
This is the second marriage for both parties. The defendant wife is 40 years of age and in reasonably good health. Although she worked prior to the marriage, the defendant has not been gainfully employed full time outside the home during this marriage, but devoted her energies to her home and raising their three children. She is presently working on a part time basis. The plaintiff indicated she could obtain full time employment and hopes to earn $400 per week.
The plaintiff husband aged 48, is a teaching tennis pro and earns approximately $90,000 gross per year. In January 1990 he left the marital home and moved in with his girl friend. The defendant testified that the plaintiff had been unfaithful to her on more than one occasion during the course of the marriage.
The parties attempted a reconciliation in October, 1990. Unfortunately, the defendant wife became infected with herpes from the plaintiff. The plaintiff was aware of his condition, but failed to tell the defendant. The defendant is presently on medication.
The major asset of this marriage is the marital home which was purchased in 1984. Both parties gave a value of $230,000 to the home. The first mortgage balance is CT Page 6148 approximately $148,000. The mortgage payments due for May, June and July 1991 are in arrears. In addition, the second mortgage Home Equity Line has a balance of approximately $29,802. Thus, the property has an equity of approximately $50,000. The parties owe the IRS approximately $12,868.74 for 1989. The plaintiff, as an independent contractor, failed to file any estimated tax payments. The parties have not filed a 1990 income tax return and the plaintiff estimates that approximately $14,000 is owed for 1990 federal income taxes. The husband indicates the parties have $80,091.94 in unsecured debts, which includes the IRS debts and the plaintiff's attorney's fees.
Even if the home were sold as requested by the plaintiff, there would not be sufficient funds to satisfy all the indebtedness of the parties. The husband has included in the debts his approximate $11,715 for legal fees and $3,000 for his boat. The bill for the Riverview Hospital for psychiatric care for their son Peter totals $17,500 — which debt the plaintiff feels he may be able to work out an arrangement. There are considerable psychological and psychiatric bills incurred on behalf of the minor child Peter. The remaining unsecured debts include credit card expenses for the home, car repairs and vacation.
Unfortunately, the parties were unable to resolve their marital difficulties. The court has carefully considered all the statutory criteria in reaching the decisions reflected in the orders that follow.
Custody/Visitation
1. The eldest child Peter A. Butler born August 8, 1977 has had some severe emotional problems since the separation of the parties. The child presently resides at Cromwell House, a residential setting, as a committed delinquent. The commitment is for three years. The parties agreed and it is ordered that custody of the minor son Peter shall be with the plaintiff, subject to reasonable, flexible and liberal rights of visitation to the defendant.
2. Custody of the two minor children Lindsday Butler and Kayleigh Butler is awarded to the defendant subject to reasonable, flexible and liberal rights of visitation to the plaintiff which shall include Wednesday evenings from 5:00 p.m. to 9:00 p.m. and alternate weekends from Saturday at 9:30 a.m. through Sunday at 7:30 p.m.
3. The plaintiff shall have free and unhampered access by telephone to the two minor children. The defendant shall CT Page 6149 have free and unhampered access by telephone to the minor child Peter when he resides with the plaintiff.
4. The plaintiff shall have such other and further visitation with the two minor children as the parties shall agree. If the parties are unable to agree, they are referred to Family Services for mediation, and if this is unsuccessful, the court shall enter further orders after a hearing.
Child Support
1. In view of the defendant's present financial circumstances, and so long as the minor child Peter is a committed delinquent residing at Cromwell House, Cromwell, Connecticut, no order of support is entered at this time for the defendant to pay to the plaintiff as and for the support of the minor child Peter.
2. The plaintiff shall pay to the defendant as child support the sum of $1,720 per month for the support of the two minor children, Lindsay and Kayleigh, until each said child shall reach the age of 18, become emancipated or die. Upon the older daughter reaching the age of 18, or her emancipation or death, the outstanding order of child support for the remaining minor child shall be recomputed in accordance with the child support guidelines then in effect. If the parties are unable to resolve the matter of child support, they shall return to court for appropriate orders, after a hearing thereon.
Medical Coverage
The plaintiff shall continue to maintain and provide medical coverage for the benefit of the minor children. Any unreimbursed medical expense incurred on behalf of the minor children shall be equally divided between the parties.
Alimony
The plaintiff during his lifetime shall pay to the defendant as periodic alimony the sum of $850 per month.
Said periodic alimony shall be paid until the death or remarriage of the defendant or 7 (seven) years from date, whichever event shall first occur.
It is contemplated that the wife will seek full time employment immediately. The defendant shall be entitled to earn a minimum of $30,000 per year before the plaintiff shall request a modification of alimony based on the defendant's income from earnings. CT Page 6150
Marital Home
1. No useful purpose would be served by ordering the marital home sold at this time in view of the small amount of equity and substantial debts that far exceed the equity. The defendant would realize no financial gain to assist her in obtaining shelter for herself and the two minor children.
2. It is ordered that the plaintiff shall transfer to the defendant his interest in the marital home located at 21 Hiawatha Lane, Westport, Connecticut subject to the first mortgage and home equity line of credit both owed to Citytrust. The defendant shall be responsible for both debts and shall hold the plaintiff harmless thereon.
3. The plaintiff shall be responsible for the May 1991 and June 1991 mortgage payment due the Citytrust on the first mortgage.
4. The defendant shall be responsible for the July 1991 mortgage payment.
5. The defendant shall pay to the plaintiff by way of a lump sum, the sum of $15,000; said payment to be made 10 years from date or upon the sale of the marital home, whichever event shall first occur.
Debts
The defendant shall be solely responsible for the following joint obligations of the parties:
 Chemical Bank Bal $3,434.77 AE Optima Bal 1,320.19 CBT personal loan Bal 1,500.00 CLP 54.63 West America Ins. (Homeowners) 164.40 1/2 of the unreimbursed medical bill of Dr. Bittner and Dr. Kruger 505.00 Remaining liabilities as set forth on defendant's affidavit.
2. The plaintiff shall be solely responsible for the following debts of the parties:
 Peoples Bank Bal 5,003.92 1989 IRS federal income taxes 12,868.74 1990 federal income tax (est.) 14,000.00 A.E. Line of credit (includes plaintiff's CT Page 6151 boat ) 8,218.61 John Dougherty CPA 450.00 West America Ins. (MV) 128.69 John DiStasio 250.00 Tax collector, Westport (MV) 41.75 Cablevision 233.56 one-half (12) Dr. Bittner and Dr. Druger 505.00 Riverview Hospital 17,500.00 Willows Pediatric Group 197.00 Dr. von Kohorn 2,100.00
Personal Property
1. The parties shall divide the household and personal property contained in the marital home as they shall agree. If the parties are unable to agree, they are referred to Family Services for mediation and if unsuccessful, the court shall enter orders after a hearing.
2. The plaintiff shall transfer to the defendant title to the 1983 Chevrolet Caprice Estate Wagon free and clear of all liens.
Miscellaneous
1. The plaintiff shall be entitled to claim the minor children Peter and Kayleigh as an exemption for income tax purposes. The defendant shall be entitled to claim the minor child Lindsay.
2. The plaintiff shall hold the defendant harmless from any and all liability arising out of the parties joint income tax returns for the years 1988 through 1990.
3. An immediate withholding is ordered.
COPPETO, J.